NEVADA INDUSTRIAL COMMISSION, Appellant,
v. HARVEY J. DIXON, Respondent.

No. 4365

June 12, 1961                                    362 P.2d 577

(Petition for rehearing denied July 17, 1961.)

*William J. Crowell,* of Carson City, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNamee, J.:

Respondent was injured in an automobile accident while traveling from his home in Las Vegas to Camp Mercury where he was employed as a pipefitter by Reynolds Electrical & Engineering Company, hereinafter called Reynolds. The distance between Las Vegas and Camp Mercury is 60 miles. At the time of the accident respondent was riding in an automobile owned and operated by a friend who had no connection or relationship with Reynolds. Both respondent and Reynolds had accepted the provisions of the Nevada Industrial Insurance Act and coverage under said Act was in effect on the date of said accident.

Respondent filed a claim with appellant Nevada Industrial Commission for compensation as a result of the accident. The claim was denied on the ground that the accident did not arise out of and in the course of respondent's employment. Thereafter, this suit was brought by respondent against the Commission. The lower court held that the respondent was entitled to the benefits of said Act. Appeal is from the judgment to this effect. This case involves the application of the "going and coming" rule to the particular facts and circumstances involved herein.

If the foregoing were the only facts relating to the action it is conceded by all parties that respondent would not have been entitled to compensation under said

Act because of the general rule which provides that injuries sustained by employees while going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. See Voehl v. Indemnity Ins. Co., 288 U.S. 162, 169, 53 S.Ct. 380, 382, 77 L.Ed. 676, 680.

The present case involves additional facts which respondent contends brings this case within an exception to said general rule. This exception is that where the contract of employment covers the period of going to and from work and compensation is computed from the time the employee leaves home until his return, an injury sustained by him while on his way to and from work is one arising out of and in the course of his employment.

The additional facts which respondent claims support his contention arise from the provisions of a labor agreement.

The terms of respondent's employment were covered, in part, by a labor agreement, Section 8 (a) of which provides:

"On any work performed outside the city limits of Las Vegas and North Las Vegas, the Employer shall allow travel expense to and from the job, based on the straight time hourly wage rate as agreed between the employer and the union.

"On any job so located that it would be impracticable to travel forth and back to the city limits of Las Vegas, the employer shall provide suitable board and lodging or Forty Dollars ($40.00) per week subsistence, or Eight Dollars ($8.00) per day if job is of less than five (5) days' duration; or if more than five (5) days are worked per week, Eight Dollars ($8.00) per day. In the event suitable board and lodging can be obtained for less than the subsistence per week, the employee shall receive the difference.

"On jobs where subsistence is paid, the employer shall pay travel time plus ten cents (10¢) per mile for one trip to the job and one trip back, in addition to the subsistence. If employer provides transportation, the

10¢ per mile need not be paid. The travel time pay shall be at the stipulated straight time hourly wage rate.

"It shall be the prerogative of the employee to choose between the subsistence or the board and lodging."

In addition to respondent's regular wages he received extra pay of $8 per day under the subsistence terms of said Section 8 (a). This subsistence allowance was paid to all employees whether they used the facilities for board and room at Camp Mercury or commuted and irrespective of the amount of their hourly pay.

Thus the question to determine is whether the $8 per day in whole or in part was allowed respondent to compensate him for travel time to and from work. He is entitled to the benefits of said Act only if this question is determined in the affirmative. The question is not a factual one as claimed by respondent. It is purely legal, the determination of which can be made only by construing Section 8 (a).

We are not concerned herein with the first paragraph of Section 8 (a) because subsistence in the amount of $8 per day was being paid under the second paragraph. Nevertheless respondent argues that because an employee has the prerogative to choose between subsistence or board and lodging, subsistence being something other than board and lodging can only mean travel pay. This is a *fallacia consequentis,* an inference that does not follow from the premises. Subsistence as used in Section 8 (a) means money furnished by the employer to the employee in lieu of the board and lodging the employer was required to furnish under the labor agreement. The agreement in effect so states. That it is different and distinct from travel pay for travel time is apparent from the third paragraph, which provides for travel time in addition to subsistence for one trip to the job and for one trip back which we construe to mean the initial trip and the final trip to and from the job. This was not the final trip from the job. Neither was it the initial trip to the job.

There was no obligation on the part of Reynolds to

provide respondent transportation for the particular trip during which the accident occurred. We necessarily conclude from the foregoing that respondent was not receiving travel time pay at the time of the accident and, therefore, he is not within the claimed exception to the general rule which would allow him compensation under the Act. Kerin v. Industrial Commission, 239 Wis. 617, 2 N.W.2d 223; National Surety Corp. v. Bonds, 5 Cir., 275 F.2d 389.

Cases cited by respondent which allow recovery under a workmen's compensation act can be distinguished.

In Puett v. Bahnson, 231 N.C. 711, 58 S.E.2d 633, where the employer assumed the burden of the workman's coming and going expense the court held that the coming and going was a part of the time of employment.

In the case of Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, the employer therein, as distinguished from the present case, was contractually obligated to pay transportation allowance in lieu of providing daily transportation. To the same effect are the cases of U. S. Fidelity & Guaranty Co. v. Donovan, 94 U.S.App. D.C. 377, 221 F.2d 515, and Shaver v. Allstate Insurance Co. (Tex.), 289 S.W.2d 429.

Freire v. Matson Navigation Co., 19 Cal.2d 8, 118 P.2d 809, while recognizing the general rule, held that the injured employee was entitled to compensation under the Workmen's Compensation Act applicable for the reason that there was a causal relationship between the accident and his employment.

The following Nevada cases were not cited by either party: Provenzano v. Long, 64 Nev. 412, 183 P.2d 639; Nevada Ind. Com. v. Leonard, 58 Nev. 16, 68 P.2d 576; Costley v. Nevada Ind. Ins. Com., 53 Nev. 219, 206 P. 1011. Each can be distinguished from the present case.

In Provenzano, plaintiff was injured after stepping out of defendant's building where he had just quit work while he was still in front of the door by defendant's truck which drove up and was unable to stop because of defective brakes. In Leonard, a teacher was injured

while going from her home to school at a time when she was performing a duty incidental to her employment. The Costley case involved a miner who was injured before the hour to work had arrived but while he likewise was performing a service incidental to his employment and on the employer's premises. This court properly held in each case that the accident arose out of and in the course of the claimant's employment.

The judgment of the trial court that the respondent be awarded benefits provided by the Nevada Industrial Insurance Act together with costs of suit being based on erroneous findings must be reversed.

It is so ordered.

BADT, C. J., concurs.

PIKE, J., was present during the oral argument herein but resigned as justice prior to the filing of this opinion.