BILLY CRANK, Appellant, v. NEVADA INDUSTRIAL COMMISSION, an Agency of the State of Nevada, and REYNOLDS ELECTRICAL & ENGINEERING CO., INC., Respondents.

No. 13906

January 30, 1984                                    675 P.2d 413

---

*Johns & Johns,* Las Vegas, for Appellant.

*Charles J. York,* and *Elizabeth Nozero,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant was injured in an automobile accident while traveling from his home in Las Vegas to the Nevada Test Site where he was employed as a rotary drill operator by Reynolds Electrical & Engineering Company. The distance between Las Vegas and the Nevada Test Site is approximately 65 miles. At the time of the accident, appellant was riding in an automobile owned and operated by a fellow employee. The accident occurred several miles from the entrance to the test site.

Appellant filed a claim with respondent Nevada Industrial Commission (now known as the State Industrial Insurance System) for compensation for injuries sustained as a result of the accident. The claim was denied and appellant filed an appeal with the Department of Administration appeals officer. The appeals officer also denied relief, and appellant then filed a petition for judicial review. The district court affirmed the decision of the appeals officer, and this is an appeal from that judgment.

As a general rule, injuries sustained by an employee while

going to his regular place of work are not deemed to arise out of and in the course of his employment. *See* Voehl v. Indemnity Ins. Co., 288 U.S. 162, 169 (1933). An exception to that rule applies where the employee is paid an identifiable amount as compensation for his expense of travel. *See generally,* 1 A. Larson, The Law of Workmen's Compensation §§ 16.20, 15.30 (1982).[1] Thus, the primary issue in this appeal is whether appellant was receiving compensation for his travel expenses.

In addition to appellant's regular wages, he received extra pay of $7.50 per day under the "subsistence" terms of a labor contract. Appellant's contract provided in Article XIII, Section 1:

> A subsistence allowance of Seven Dollars and Fifty Cents ($7.50) will be paid for days worked to those employees whose jobsite is located on the Nevada Test Site. . . . This subsistence allowance shall also be paid to such employees who are ordered to and do report to such jobsites and for whom no work is provided.

Section 3 further provided:

> Only one (1) subsistence allowance will be paid for any work day or extension thereof not to exceed twenty-four (24) hours. However, employees who have left the job at the end of their regular shift and who are subsequently called out to perform work which is not continuous with their daily working schedule shall be paid an additional subsistence allowance.

In a similar case we indicated:

> Thus the question to determine is whether the $8 per day *in whole or in part* was allowed respondent to compensate him for travel time to and from work. He is entitled to the benefits of said Act only if this question is determined in the affirmative. The question is not a factual one as claimed by respondent. It is purely legal, the determination of which can be made only by construing Section 8(a).

---

[1]Professor Larson addresses this issue as follows:

> [I]n the majority of cases involving a deliberate and substantial payment for the expense of travel . . . the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed.
>
> The sheer size of a journey is frequently the principal fact supporting this conclusion. . . .

A. Larson, *supra,* § 16.30, at 4-159 to -160, 4-172.

Nev. Industrial Comm. v. Dixon, 77 Nev. 296, 299, 362 P.2d 577 (1961) (emphasis added). In *Dixon* we held that the subsistence allowance paid under the contract in that case did not include travel pay. Therefore, relief was not available to the claimant in that case.

As mentioned earlier, the issue in the present case is whether appellant was receiving compensation for his travel expenses. That issue, in turn, depends upon a determination of whether the subsistence provision in the contract included compensation for travel time or expenses. The appeals officer relied on *Dixon* in the instant case in denying appellant's claim, and respondent argues on appeal that *Dixon* is dispositive of the issue of whether a subsistence allowance can be interpreted as pay for travel expenses. We disagree.

The claim in *Dixon* was based on an injury that arose in essentially the same manner as that suffered here. The claimant in *Dixon* was denied compensation, however, because of the specific terms of the employment contract in that case. The subsistence allowance provided by the contract in *Dixon,* although not specifically defined, could only have pertained to board and lodging. As we explained in that case:

> Subsistence as used in Section 8(a) means money furnished by the employer to the employee in lieu of the board and lodging the employer was required to furnish under the labor agreement. *The agreement in effect so states.* That it is different and distinct from travel pay for travel time is apparent from the third paragraph, which provides for travel time in addition to subsistence for one trip to the job and for one trip back which we construe to mean the initial trip and the final trip to and from the job. This was not the final trip from the job. Neither was it the initial trip to the job.

Nev. Industrial Comm. v. Dixon, *supra,* at 299 (emphasis added).

The contract in this case is readily distinguishable from *Dixon.* In the instant contract there is no reference to board and lodging; nor is there an expressed attempt to equate subsistence with any particular identifiable expense. The contract might be subject to the interpretation that subsistence was allowed to appellant, at least in part, in order to compensate him for travel expenses to and from work. This is evidenced, in part, by Article XIII, Section 3, quoted earlier, which provides for an additional subsistence allowance to be paid to employees who have left the job at the end of their shift and who are subsequently called back. As appellant points out, in the event the employee works two noncontinuous shifts in the same day,

two subsistences are provided even though board and lodging certainly would not double. It is of course arguable that the $7.50 subsistence allowance in such a case would be compensation for food or some other non-travel expense. On the other hand, it is equally arguable that the $7.50 subsistence was compensation for travel time, gasoline, "car-pool" money, or some other expense directly related to travel.

Although the meaning and legal effect of an unambiguous contract are generally questions of law, as in *Dixon*, parol evidence may be considered to determine the true intent of the parties when a contract is ambiguous. *See* Trans Western Leasing v. Corrao Constr. Co., 98 Nev. 445, 652 P.2d 1181 (1982). Unlike the contract in *Dixon*, in the present case the contract is quite ambiguous regarding whether the $7.50 subsistence was intended, in whole or in part, to cover travel time and expenses. Therefore, the meaning of the subsistence provision in *Dixon* is inapposite to the contract in the present case, and the appeals officer should not have based his decision on *Dixon*.

At the hearing before the appeals officer there was a paucity of evidence regarding the purpose of the $7.50 subsistence pay. In light of the virtual absence of evidence on that question, and because of the appeals officer's erroneous reliance on *Dixon*, the district court erred by affirming the appeals officer's ruling. The district court should have remanded the matter to the appeals officer for further proceedings relating to the meaning of the subsistence provision of the contract. *See* NRS 233B.140(5).

We reverse and remand this matter for further proceedings consistent with this opinion.