EVELYN JOURDAN, Surviving Spouse of JERRY JOURDAN, Deceased, Appellant, v. THE STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada; and REYNOLDS ELECTRICAL AND ENGINEERING COMPANY, INC., Respondents.

No. 23534

May 27, 1993

853 P.2d 99

*Michael Paul Wood,* Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, and *Robert V. George,* Associate General Counsel, Carson City, for Respondent State Industrial Insurance System.

*Kevin L. Johnson,* Las Vegas, for Respondent Reynolds Electrical and Engineering Company, Inc.

# OPINION

*Per Curiam:*

Appellant Jerry Jourdan[1] (Jourdan) was killed in an automobile accident while driving to work. Jourdan sought death benefits arising from the accident from respondent State Industrial Insurance System (SIIS). Because Jourdan was not receiving wages for the commute at the time of the accident, we conclude that he was not injured during the course of employment and that the appeals officer and district court did not err in denying him death benefits.

## Facts

Respondent Reynolds Electrical and Engineering Company, Inc. (Reynolds) hired Jourdan to perform ironwork at the Tonopah Test Range (Test Range). Reynolds hired Jourdan from the International Association of Bridge, Structural and Ornamental Iron Workers (the Union) in Fresno, California, and a collective bargaining agreement between Reynolds and the Union covered Jourdan's employment. At approximately 6:10 a.m. on March 28, 1985, Jourdan was driving from his temporary residence in Tonopah to the Test Range, a distance of approximately fifteen miles, when he lost control of his truck on snow-packed ice and left the road. Jourdan's truck rolled several times, fatally injuring him. The accident occurred approximately 3.6 miles east of Tonopah, off the Test Range property.

Jourdan sought recovery of death benefits arising from the accident from SIIS. The hearing officer who reviewed Jourdan's claim denied Jourdan workers' compensation benefits because "the deceased was not in the course and scope of his employment at the time this accident occurred." The appeals officer affirmed the hearing officer's decision. Before the appeals officer, Jourdan argued that he received a travel allowance for traveling to and from work, and that therefore this travel was within the course and scope of his employment. The appeals officer found that the travel allowance was not meant to compensate Jourdan for travel to and from work but was meant to cover "on-site travel expenses" once Jourdan arrived at the Test Range. The appeals officer therefore concluded that Jourdan's accident did not arise within the course of his employment, and that Jourdan was not covered by industrial insurance at the time of the accident. Upon petition for judicial review, the district court found that the

---

[1]Evelyn Jourdan, as the surviving spouse of the decedent, Jerry Jourdan, brought this appeal, seeking benefits for her husband's death. For the sake of simplicity, we hereafter refer to the appellant as Jerry Jourdan.

appeals officer's decision was not arbitrary or capricious or clearly erroneous, and therefore the district court affirmed the appeals officer's decision.

## Discussion

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983); *see* NRS 233B.135; State Envtl. Comm'n v. John Lawrence Nev., 108 Nev. 431, 433-34, 834 P.2d 408, 410 (1992). "Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact. The findings of the appeals officer will not be set aside absent a showing that they are against the manifest weight of the evidence." Southwest Gas v. Woods, 108 Nev. 11, 15, 823 P.2d 288, 290 (1992) (citations omitted); *see* SIIS v. Christensen, 106 Nev. 85, 87-88, 787 P.2d 408, 409 (1990) (review of an appeals officer's decision is limited to determining whether there was substantial evidence in the record to support the appeals officer's decision). Although a reviewing court may decide pure legal questions without deference to an agency determination, an agency's conclusions of law which are closely related to the agency's view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence. SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). Substantial evidence is "that quantity and quality of evidence which a reasonable [person] could accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608 n.1, 729 P.2d 497, 498 n.1 (1986) (quoting Robertson Transp. Co. v. P.S.C., 159 N.W.2d 636, 638 (Wis. 1968)).

NRS 616.270(1) provides workers' compensation benefits to employees "for any and all personal injuries by accident sustained by an employee *arising out of and in the course of the employment.*" (Emphasis added.) In Nev. Industrial Comm. v. Dixon, 77 Nev. 296, 362 P.2d 577 (1961), we stated:

> [Generally,] injuries sustained by employees while going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment.

*Id.* at 298, 362 P.2d at 578. We continued:

> [A]n exception to said general rule . . . is that where the contract of employment covers the period of going to and from work and compensation is computed from the *time* the employee leaves home until his return, an injury sustained by him while on his way to and from work is one arising out of and in the course of his employment.

*Id.* (emphasis added). We further stated: "Thus the question to determine is whether the $8 per day in whole or in part was allowed respondent to compensate him for *travel time* to and from work. He is entitled to the benefits . . . only if this question is determined in the affirmative." *Id.* at 299, 362 P.2d at 578 (emphasis added); *see* 1 Arthur Larson, The Law of Workmen's Compensation § 16.21 (1982) ("[w]hen the employee is paid an identifiable amount as compensation for time spent in a going or coming trip, the trip is within the course of employment"). In Crank v. Nev. Indus. Comm'n, 100 Nev. 80, 675 P.2d 413 (1984), we attempted to set forth the same rule of law, but we couched the rule in broader terms, stating:

> As a general rule, injuries sustained by an employee while going to his regular place of work are not deemed to arise out of and in the course of his employment. An exception to that rule applies where the employee is paid an identifiable amount as compensation for his *expense* of travel. Thus, the primary issue in this appeal is whether appellant was receiving compensation for his travel expenses.

*Id.* at 81-82, 675 P.2d at 414 (emphasis added) (citations omitted). *Crank* could be construed to broaden the rule in *Dixon* immeasurably by providing that an employee who receives compensation only for the expense of travel is acting within the course of employment during that travel. However, such an interpretation of *Crank* would be at odds with NRS 616.270(2), which states:

> Travel for which an employee receives *wages* shall, for the purposes of this chapter, be deemed in the course of employment.

(Emphasis added.) This provision in NRS 616.270 was added by amendment in 1971. 1971 Nev. Stat., ch. 670, § 1 at 2058. Assembly Bill 583 (A.B. 583), enacted as NRS 616.270(2), was amended prior to enactment to replace the word "compensation" with the word "wages" where it appears in the statute. Nev. Journal of the Assembly, 56th Sess., 741 (March 29, 1971). The minutes of the Assembly Commerce Committee state that "the

bill is to be amended to show this compensation is his hourly wage." Hearings on A.B. 583 Before the Nevada Assembly Commerce Committee, 56th Sess., 5 (March 12, 1971). We interpret NRS 616.270(2) to include only travel for which an employee receives actual hourly wages as conduct occurring in the course and scope of employment. *See* NAC 616.672(1)(o) (payment for travel is only included in calculating an employee's average monthly wages when it is paid to compensate the employee for the time spent in travel); NAC 616.672(3) (reimbursement for travel expenses is not included in calculating an employee's average monthly wages).

Both NRS 616.270(2) and Nev. Industrial Comm. v. Dixon, 77 Nev. 296, 362 P.2d 577 (1961), contemplate the situation where an employee, while still on the company clock and receiving an hourly wage, travels to and from work. *Dixon* was never intended to confer SIIS benefits on commuters, injured during the commute, who receive travel stipends for their commute. We expressly modify any language in Crank v. Nev. Indus. Comm'n, 100 Nev. 80, 675 P.2d 413 (1984), which may be read to allow workers' compensation coverage for an accident occurring while commuting to and from work where an employee receives a mere travel stipend for the commute. An employee must be receiving wages for his travel time, and not merely a travel stipend or compensation for travel expenses, to have his or her daily commute considered to be in the course of employment. Such a rule is consistent with the language of NRS 616.270(2), which only provides industrial insurance coverage when an employee is receiving *wages* for his or her travel to and from work. Only compensation in the form of wages brings a commuter within the scope of employment.

Jourdan contends that his automobile accident occurred within the course of his employment because he was receiving a travel allowance for the commute at the time of the accident. Article XIV, section 4 of the collective bargaining agreement under which Jourdan was employed provided for a "Two Dollars ($2.00) per day travel allowance for employees who perform work on any day at the Tonopah Test Range." Jourdan does not contend that the travel allowance in any way compensated him for the actual time required for his commute, and the evidence before the appeals officer indicated that the travel allowance was a mere stipend, unrelated to Jourdan's hourly wage or the amount of time it took Jourdan to commute to the Test Range. Therefore, since Jourdan's accident during the commute did not occur while Jourdan was on the company clock, Jourdan's accident did not

occur within the course of his employment, and Jourdan is not entitled to workers' compensation benefits arising therefrom.

In addition, the appeals officer determined that the travel allowance paid to Jourdan was actually meant to compensate Jourdan for on-site travel once he arrived at the Test Range and not for expenses incurred in commuting to and from the Test Range. This conclusion is supported by substantial evidence and offers yet another basis to uphold the appeals officer's decision that Jourdan's accident did not occur during the course of his employment.

We have carefully considered all other contentions on appeal, and we conclude that they lack merit. Accordingly, we affirm the decisions of the appeals officer and the district court.