Bonney CASE, Plaintiff–Appellant,

v.

**TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; Travelers Insurance Company, Defendants–Appellees.**

No. 92–3396.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Oct. 15, 1993.

772

Charles R. Johnson, Gregory, SD, argued for plaintiff-appellant.

Edwin E. Evans, Sioux Falls, SD, argued (Susan Brunick, on brief), for defendants-appellees.

FLOYD R. GIBSON, Senior Circuit Judge.

Bonney Case appeals the district court's[1] entry of summary judgment denying her claim against her employer and its workers' compensation insurer for failing to conduct a reasonable investigation of her claim. We affirm.

## I. BACKGROUND

Case started working at the 3–M plant in Mitchell, South Dakota in April 1974. Toshiba purchased the plant in October 1986, and Case continued working at her same position. Her duties involved packaging toner powder[2] into tubes, bottles, and other containers. In packaging the toner, spills were rather frequent. Because the toner is a very fine powder, spilling the toner would cause the air in the room to become filled with particles—sometimes, the air would be so filled with toner that it was impossible to see.

In 1990, Case saw some doctors because she was experiencing respiratory (and other) problems. They determined she had obstructive pulmonary disease, pulmonary emphysema, and other related ailments. Her first doctor, Mick Hurley, initially indicated her thirty year smoking habit was the cause of her condition. He referred Case to two more doctors: Brian Hurley and William Freeman. In a letter to Mick Hurley, Brian Hurley confirmed the extent of Case's medical problems but failed to give an opinion as to the cause for her ailments. In his letter to Mick Hurley, Dr. Freeman said that he "suspect[ed] there is a major component of occupational pneumoconiosis secondary to chronic exposure to copy machine toner dust, exacerbated by" her smoking a pack of cigarettes daily for thirty years. Mick Hurley then prepared a new report that indicated Case's problems were caused by "chronic copy machine toner exposure."

Case then filed a workers' compensation claim, which Toshiba denied and referred to its insurer, Travelers Insurance Company. Toshiba's plant personnel manager, Jan Hopkins, also sent Travelers a letter in which she said the company believed Case's problems were not caused by exposure to toner dust, but rather by her 30–year smoking habit and a congenital heart condition. The matter was assigned to Suzie Canfield, a Travelers claims analyst.

Canfield obtained copies of the doctor's reports and personally interviewed Case. After consulting with Travelers' medical representative, Canfield wrote Hopkins and said Travelers was accepting the case as compensable and the matter had been referred to Karen Hiatt, Travelers' "serious injury supervisor." Hopkins responded and requested an opportunity to provide Travelers with various studies on the effects of exposure to toner dust. Hopkins was told that the reports would be reviewed before a final decision was made.

Hopkins sent Travelers some of the studies done on toner powders produced and

1. The Honorable John B. Jones, Chief Judge for the United States District Court for the District of South Dakota.

2. Toner powder is a substance used in copying machines.

packaged at the South Dakota plant and air quality tests performed at the plant. Hopkins did not send a copy of a study performed by Xerox on its own toner powders. This study described, in general terms, the effects of exposure to high levels of toner dust; for instance, one of the effects described was "[d]ecrease in lung clearance." The report did not conclude exposure to toner dust caused any medical maladies; in fact, it concluded in part that "[t]he absence of systemic and upper respiratory system toxicity make[s] unique toner associated toxic effects unlikely." After reviewing all the materials that were sent to her, Hiatt determined that Case's claim should be denied because her condition was not caused by exposure to toner dust but, more likely, was attributable to her smoking.

Case did not appeal the denial of her claim as permitted under South Dakota law. Instead she filed this action in federal court, alleging Toshiba and Travelers denied her claim in bad faith. The district court granted summary judgment in favor of Toshiba and Travelers, and Case appeals.

## II. DISCUSSION

In *In re Certification of a Question of Law (Champion v. United States Fidelity & Guar. Co.)*, 399 N.W.2d 320 (S.D.1987) (hereinafter "*Champion*"), the South Dakota Supreme Court recognized a cause of action in tort for the bad faith denial of a workers' compensation claim. In order to prevail, the plaintiff must demonstrate both the absence of a reasonable basis for the denial of benefits and knowledge or reckless disregard of a reasonable basis for denial. *Id.* at 324 (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo.1985)). Integral to this inquiry is " 'whether a claim was properly investigated and whether the results of the investigation were subjected to a reasonable evaluation and review.' " *Id.* at 323 (quoting *Savio*, 706

P.2d at 1275). However, the insurer is still authorized to challenge claims that are fairly debatable, *id.* at 324, and the insurer does not act tortiously if it acts "upon a permissible, albeit mistaken, belief that the claim is not compensable." *Savio*, 706 P.2d at 1275.

In order to withstand the motion for summary judgment, Case was required to create an issue of material fact concerning Travelers' reasonable basis for denying her claim. *Ulrich v. St. Paul Fire & Marine Ins. Co.*, 912 F.2d 961, 963 (8th Cir.1990); *see also Simkins v. Great West Casualty Co.*, 831 F.2d 792, 794 (8th Cir.1987). Viewing, as we must, the record in her favor, we agree with the district court that Travelers had a reasonable basis for denying Case's claim. Her physician relied exclusively on a consultant's "suspicion" that toner dust was the cause of her ailments. Meanwhile, it was known that Case had a long history of smoking. Upon receiving the additional data from Toshiba, which indicated that toner dust had no toxic effect upon human health and therefore could not have caused Case's maladies, Travelers had a reasonable basis for concluding the cause of Case's problems was smoking rather than toner dust.

This does not mean that Travelers' determination is correct; however, its determination does not have to be correct in order to avoid tort liability. The South Dakota Department of Labor, as the body with exclusive jurisdiction over workers' compensation claims, will determine whether Travelers was correct in denying compensation.[3] Many of Case's arguments are better directed to the Department of Labor because they explain why Travelers was wrong in concluding toner dust did not cause her maladies; however, they fail to impinge the obvious fact that Travelers had a reasonable basis for denying the claim.[4]

---

3. Case's claim is currently pending before the South Dakota Department of Labor. Travelers has suggested that Case cannot maintain this action absent a determination that her claim was *wrongly* denied, and, inasmuch as this determination can only be made by the administrative agency, the present suit cannot be maintained. We decline to reach this issue because we are not sure how the South Dakota Supreme Court

would decide it. The issue has not been addressed directly by South Dakota courts, but *Savio*, upon which *Champion* heavily relied, held that exhaustion was not required because the claim for tort damages was separate and distinct from the claim for benefits. *Savio*, 706 P.2d at 1266, 1268–69.

4. Case also faults Toshiba's failure to include the Xerox report with the other tests provided to

Case also makes much of the fact that Canfield initially indicated that the claim was compensable. However, at the same time, she indicated the matter was being referred to a supervisor. Clearly, Canfield's determination was not intended to be Traveler's final thoughts on the subject. This is not a situation, like the one found objectionable in *Hollman v. Liberty Mut. Ins. Co.*, 712 F.2d 1259, 1260 (8th Cir.1983), in which the company has defied orders from the home office to pay the claim. It was not unreasonable for Travelers to change its mind based on the additional information Toshiba provided about toner dust.

## III. CONCLUSION

Because there is no material fact regarding the existence of a reasonable basis for Travelers' denial of Case's claim, summary judgment in favor of Travelers and Toshiba was proper and we affirm.

Travelers. We have reviewed the Xerox report. The failure was not unreasonable in this case because the Xerox report does not indicate that

toner dust can cause the problems Case has incurred.