46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Randell McCORMICK, Appellant,
v.
KEMPER NATIONAL PROPERTY AND CASUALTY COMPANIES, a
corporation, Appellee.
 No. 94-2289.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 14, 1994.
Filed: Feb. 7, 1995.
 
 Before ARNOLD, Chief Judge, HEANEY, Senior Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Randell McCormick injured his back while delivering dairy products for Land O'Lakes, Inc., his former employer. Land O'Lakes's compensation insurer, Kemper National Property and Casualty Companies, Inc. (Kemper), paid McCormick's workers' compensation benefits. When Kemper stopped paying McCormick's medical bills, McCormick brought this tort action, asserting Kemper acted in bad faith by inadequately investigating its obligation to continue paying McCormick's bills. Applying South Dakota law in this diversity action, the district court granted Kemper summary judgment. McCormick appeals and we affirm.
 
 
 2
 The parties agree that to establish Kemper acted in bad faith under South Dakota law, McCormick must show Kemper (1) lacked a reasonable basis to refuse to pay McCormick's bills, and (2) knew of or recklessly disregarded the lack of a reasonable basis for refusal. Ulrich v. St. Paul Fire & Marine Ins. Co., 912 F.2d 961, 963 (8th Cir. 1990). The parties' arguments on appeal focus on whether McCormick has asserted facts sufficient to show Kemper lacked a reasonable basis to refuse payment. We do not reach this issue, because the record shows McCormick failed to raise a genuine issue of material fact about whether Kemper acted knowingly or recklessly, and thus summary judgment for Kemper is proper.
 
 
 3
 On review, we consider the facts in the light most favorable to McCormick. See Case v. Toshiba Am. Info. Sys., Inc., 7 F.3d 771, 773 (8th Cir. 1993). After Kemper claims representative Scott Gustafson noticed McCormick had submitted no medical bills to Kemper for several months, Gustafson wrote McCormick a letter seeking an update on McCormick's condition. McCormick ignored this letter for about three months, then sent several medical bills to Kemper.
 
 
 4
 Gustafson called McCormick about the bills. During the telephone conversation, McCormick said he had been doing auto detailing and window tinting work since retiring from Land O'Lakes. He also said his back condition was "aggravated." Gustafson knew that under South Dakota law, Kemper was not required to continue paying McCormick's medical bills if McCormick's new jobs "aggravated" McCormick's injury in the technical sense of contributing even slightly to the injury's cause. McCormick was not familiar with this technical definition of aggravation or its legal significance. Gustafson then asked whether McCormick had done anything in his new jobs to "aggravate" his injury, and McCormick replied that the amount of driving he did was "hard on [his] back." When Gustafson asked if the driving had caused McCormick's back problems, McCormick said it "was probably a factor." Based on Gustafson's conclusion that McCormick had aggravated his back injury within the meaning of South Dakota insurance law, Kemper refused to pay McCormick's medical bills.
 
 
 5
 Ten days later, McCormick's chiropractor sent Gustafson a letter stating that because the injury McCormick suffered while working for Land O'Lakes had never completely healed, certain activities such as sitting could "aggravat[e]" McCormick's condition by causing the damaged disc in his back to bulge and cause pain. The chiropractor later sent a second letter that stated he had been treating McCormick for the injury McCormick suffered while making deliveries for Land O'Lakes, but did not state the Land O'Lakes accident was the sole cause of McCormick's back problems. Kemper did not request or receive any additional medical reports about McCormick's condition until over two years later, when Kemper's independent medical expert (IME) examined McCormick. Although the IME stated McCormick's back problems stemmed from the Land O'Lakes accident, the IME did not state that McCormick's later activities had not contributed to the injury.
 
 
 6
 Kemper consistently has maintained its position that because McCormick aggravated his back, he is not entitled to the workers' compensation benefits he seeks. McCormick has deposed expert witnesses who would testify at trial that the amount of investigation Kemper conducted on McCormick's claim was inadequate based on insurance industry standards. If Kemper had investigated further, Kemper would have learned that both McCormick's chiropractor and an orthopedic surgeon who examined McCormick believe the Land O'Lakes accident is the sole cause of McCormick's injury.
 
 
 7
 Based on the record, we conclude McCormick has not asserted facts sufficient to show Kemper knew it lacked a reasonable basis to refuse payment or recklessly disregarded the lack of a reasonable basis. Kemper tried to update its information about McCormick's condition by sending McCormick a letter, which he ignored, and by having Gustafson call McCormick. McCormick told Gustafson he had aggravated his back. Although Gustafson had superior knowledge about the technical meaning and significance of the term "aggravation" when he spoke with McCormick, Gustafson did not put the word in McCormick's mouth, and Gustafson questioned McCormick to confirm that McCormick actually meant his recent work activities were a cause of his back problems. On its face, the chiropractor's statement that sitting could cause McCormick's damaged disc to bulge and cause more pain appears to bolster Kemper's position, and the other medical information Kemper received is ambiguous about whether an aggravation occurred. Although McCormick's expert witnesses believe Kemper should have conducted further investigation, Kemper's business practices in this case did not sink to a level allowing a reasonable jury to infer recklessness. See Case, 7 F.3d at 773 (thoroughness of investigation is factor in bad faith analysis, but insurer is not liable for denying claim based on permissible belief that claim is fairly debatable); Reynolds v. Shelter Mut. Ins. Co., 852 S.W.2d 799, 801 (Ark. 1993) (delay in investigation of insurance claim was insufficient to show bad faith because initial reports indicated insurance policy did not cover claim). We thus conclude McCormick has failed to raise a genuine issue of material fact about whether Kemper intentionally denied McCormick's claim without a reasonable basis.
 
 
 8
 Accordingly, we affirm the summary judgment in favor of Kemper.