#24339-a-RWS

**2007 SD 118**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

VANESSA L. MUDLIN,                                      Plaintiff and Appellant,

  v.

HILLS MATERIALS COMPANY,
a South Dakota Corporation,
Oldcastle Materials South Dakota, Inc.,
Oldcastle Materials, Inc., a Delaware
Corporation; Oldcastle Inc., a Delaware
Corporation, and Liberty Mutual
Insurance Company,                                     Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Judge

* * * *

G. VERNE GOODSELL of
Gunderson, Palmer, Goodsell & Nelson, LLP
Rapid City, South Dakota

and

WILLIAM JASON GROVES of
Groves Law Office
Rapid City, South Dakota                              Attorneys for appellant.

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 1, 2007

OPINION FILED **11/14/07**

EDWARD C. CARPENTER of
Costello, Porter, Hill,
Heisterkamp, Bushnell & Carpenter, LLP
Rapid City, South Dakota

and

JOHN FORNACIARI of
Sheppard, Mullin, Richter &
Hampton, LLP
Washington, DC                              Attorneys for appellees
                                            Hills and Oldcastle et al.


Gary D. Jensen of
Beardsley, Jensen and Von Wald
Rapid City, South Dakota

and

Terrence R. Joy
Jason W. Pfeiffer
Daniel W. Berglund of
Robins, Kaplan, Miller & Ciresi, LLP
Minneapolis, Minnesota                      Attorneys for appellees
                                            Liberty.

#24339

SABERS, Justice

[¶1.]    Vanessa L. Mudlin brought suit against her employer Hills Materials Company (Hills)[1] and its insurer Liberty Mutual Fire Insurance Company (Liberty Mutual) for bad faith, breach of contract, barratry, abuse of process, intentional infliction of emotional distress and punitive damages. Hills[2] moved for summary judgment, which was granted. Mudlin appeals. We affirm.

**FACTS**

[¶2.]    This case arises out of the denial of Mudlin's workers' compensation benefits. Mudlin was employed by Hills as a flagger, laborer, and material spreader. Around 5:30 a.m. on June 7, 1999, Mudlin arrived at the quarry in Rapid City, South Dakota, which was Hills' base location. Having discovered her work crew already left, she drove her personal vehicle to that day's work site near Faith, South Dakota. Between Newell and Faith, Mudlin fell asleep, rolled her vehicle, incurred substantial personal injury and was hospitalized for several weeks.

[¶3.]    Mudlin returned to work on August 16, 1999. She later resigned on July 3, 2001. Five months after she resigned, she filed a claim for workers' compensation benefits against Hills and its insurer, Liberty Mutual. A hearing was held by the Department of Labor, which ruled in favor of Mudlin. Hills appealed to the circuit court, which agreed with the Department. On appeal, this Court

---

1.    Hills is owned by Oldcastle Materials, Inc., which in turn is owned by Oldcastle, Inc. and both are named defendants in this action.

2.    The defendants will be collectively referred to as Hills unless further distinction is necessary.

affirmed in *Mudlin v. Hills Materials Company*, 2005 SD 64, ¶1, 698 NW2d 67, 70 (*Mudlin I*).

[¶4.]      Mudlin sued Hills, its owners Oldcastle Materials, Inc. and Oldcastle, Inc.[3] and Hills' insurer, Liberty Mutual, alleging bad faith in their denial of her workers' compensation benefits.[4]  Hills moved for summary judgment arguing a reasonable basis for denial of benefits existed; thus, Mudlin's bad faith claim failed as a matter of law.  The circuit court ruled in favor of Hills and Mudlin appeals raising the following issues:

> 1.      Whether the circuit court erred when it found the denial of benefits was fairly debatable.
>
> 2.      Whether the circuit court erred in granting summary judgment based on a case defendants did not cite until appeal to the circuit court.
>
> 3.      Whether the circuit court's ruling is consistent with the purposes of workers' compensation law.

### STANDARD OF REVIEW

[¶5.]      The facts of this case are undisputed.  Therefore, the "facts do not present a genuine issue of material fact but raise a legal question as to whether the facts constitute bad faith."  Phen v. Progressive N. Ins. Co., 2003 SD 133, ¶25, 672

---

3.      *See supra* note 1.

4.      For the purposes of the summary judgment motion, Hills has not objected to being referred to as an "insurer" in this bad faith case.  Hills asserts that it "is a construction company and is not an insurer and does not concede that it is an insurer for any purpose, other than the summary judgment motion or that it is subject to a suit for bad faith under South Dakota law."

NW2d 52, 59. "[T]his is . . . a legal question to be determined de novo." *Id.*; *see* Culhane v. W. Nat'l Mut. Ins. Co., 2005 SD 97, ¶32, 704 NW2d 287, 301 (reversing the trial court's authorization to proceed with a bad faith claim because the insurer did not act in bad faith denying the claim).

[¶6.] **1.** **Whether the circuit court erred when it found Hills' denial of benefits was fairly debatable.**

[¶7.] In a bad faith case, "the insured must show an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial." *Phen*, 2003 SD 133, ¶24, 672 NW2d at 59 (citing Stene v. State Farm Mut. Auto Ins. Co., 1998 SD 95, ¶19, 583 NW2d 399, 403) (additional citations omitted). However, "[a]n insurance company is entitled to challenge claims which are fairly debatable and will be found liable only where it has intentionally denied . . . a claim without a reasonable basis." *Id.*

[¶8.] In order to receive workers' compensation benefits, "[a] claimant must prove by a preponderance of the evidence that she sustained an injury 'arising out of and in the course of the employment.'" *Mudlin*, 2005 SD 64, ¶7, 698 NW2d at 71 (citing SDCL 62-1-1(7); Norton v. Deuel Sch. Dist., 2004 SD 6, ¶7, 674 NW2d 518, 520)). "Generally, employees injured while going to and coming from work are not covered under workers' compensation." *Id.* (citing S.D. Pub. Entity Pool for Liab. v. Winger, 1997 SD 77, ¶19, 566 NW2d 125, 131 (stating the "going and coming" rule)). Hills argues that the denial of benefits in this case presented several issues of first impression in South Dakota regarding the going-and-coming rule, such as:

> [W]hether a customary, but not required, appearance at the office before travel to a job site was a basis for an exception to the going-and-coming rule; whether nominal pay for travel to a job site, but not return from the job site, was a basis for an exception to the rule; whether commencement of wages only at a specified time at the job site for work actually performed upon arrival was dispositive in application of the rule.

Additionally, Hills claims courts have uniformly held that where an insurer denies a claim based on an issue of first impression, an insurer does not engage in bad faith. Therefore, it argues Mudlin's bad faith claim must fail.

[¶9.] Mudlin claims that her travel between the base location and the remote job site was "an activity that is expressly authorized by [Hills]." She argues that it is settled law that when an employee is carrying out an act expressly authorized by the employer, that employee is within the course and scope of employment. Therefore, Mudlin argues that this is not a matter of first impression,[5] Hills denied her claim without a reasonable basis to do so, and the circuit court erred by granting summary judgment.

---

5. However, in plaintiff's response to defendants' motions for summary judgment, Mudlin specifically noted that this Court has recognized that "employees injured while going to and coming from work are not covered under workers' compensation." (Citing *Mudlin I*, 2005 SD 64, ¶7). As Liberty Mutual correctly pointed out in its reply to plaintiff's opposition to summary judgment, at the time of denial our jurisdiction recognized few exceptions to the going-and-coming rule. *See* Howell v. Cardinal Indus., Inc., 497 NW2d 709, 712 (SD 1993) (finding compensation for injuries occurring in the employer controlled parking lot); *see also* Pickrel v. Martin Beach, 80 SD 376, 124 NW2d 182, 183 (1963) (awarding compensation when employee died in car accident returning from jobsite to his home in an employer-furnished pickup truck and all travel expenses were paid by employer). Liberty Mutual argued the closest case factually to this case was *Oren v. MidStates Drywall*, HF No. 109, *available at* 1983 WL 162622 (SD Dept Labor 1983) and benefits were denied and therefore, the denial of Mudlin's claims was fairly debatable.

#24339

[¶10.] However, it is clear that the arguments before the Department, the circuit court and this Court during the workers' compensation proceedings involved the going-and-coming rule and any potential exceptions thereto. Hills cited cases from different jurisdictions that held nominal payment is not enough to bring the employee's action outside of the going-and-coming rule, even when the employee was expressly authorized to drive their personal vehicle. *See* Mitchell v. Pleasant Hill Gen. Hosp, Inc., 491 So2d 183, 185 (LaCtApp 1986); Ricciardi v. Aniero Concrete Co. Inc., 312 A2d 139, 141 (NJ 1973); Madaras v. Chinigo, 329 A2d 592, 594-95 (NJSuperCt 1974); Jourdan v. State Indus. Ins. Sys., 853 P2d 99, 101-02 (Nev 1993); Byrd v. Stackhouse Sheet Metal Works, 451 SE2d 405, 407 (SCCtApp 1994).

[¶11.] Furthermore, in the eyes of the employer, Mudlin was driving to work from home, as they argued she was not required to drive to the quarry before leaving for the remote jobsite,[6] and would be within the going-and-coming rule. *See*

--------

6. The relevant portion of the travel policy provides:

The travel pay policy is to reimburse employees travel expenses when their job dictates travel beyond ½ hour of their base location. Travel can be by either company furnished or private vehicle and will be treated as follows:

Company Vehicle: Employee driving vehicle will be on the payroll and be paid their normal hourly wage. All other employees riding in company vehicle will not be compensated for travel and their time will start when their specific task is started at the jobsite.

Personal Vehicle: If no company vehicle is used to transport employees, employees are expected to furnish personal transportation to the jobsite. To reimburse employees for additional expenses, all employees that are transported to jobsites in excess of ½ hour from their base location in a personal vehicle will be reimbursed at the rate of $6.00 per hour for travel

(continued . . .)

-5-

*Mudlin I,* 2005 SD 64, ¶3 n1, n2, 698 NW2d at 70 n1, n2 (noting that although it was common company practice for employees to meet at the quarry before traveling to remote work sites, Mudlin's supervisor testified meeting at the quarry was not required and employees typically drove their personal vehicles).

[¶12.] Additionally, in the cases that deny benefits based on the going-and-coming rule, despite nominal payment, the employer also expressly authorized the employee to drive his personal vehicle and receive reimbursement. For example, Hills references *Ricciardi,* 312 A2d 139, to support its denial of benefits. In *Ricciardi*, the employee was reimbursed for the tolls he encountered on his way to and from work. This was approximately 40% of his commuting costs. The employee was injured on his commute and the lower courts allowed compensation based on "the exception to the 'going and coming' rule comprised by the situation where the employer furnishes actual transportation to the employee for the trip to or from home or reimburses him his expenses therefor." *Id.* at 140. The New Jersey Supreme Court denied compensation and explained:

> We conclude, after study of all the cases, that the rationale of the exception to the going and coming rule under discussion can be sustained only in those situations where, if the employer reimburses him for all or substantially all of the total expenses involved. Anything less would border so closely upon the

---

(. . . continued)

> (after the first ½ hour) one way. The return to the base location will not be reimbursed no matter when the return trip takes place. Payroll time will start when the specific task is started at the jobsite. Car-pooling is encouraged as is sharing the cost with the vehicle owner.

> The method of transportation is a decision made by the supervisor of the specific crews.

> noncompensable area where the arrangement is really part of
> the work-remuneration rather than provision for transportation
> as to render the rule impracticable of judicial administration
> and of but ephemeral foundation in any significant Nexus
> between the journey and the employment.

*Id.* at 141. *See Mitchell*, 491 So2d at 184-85; *Jourdan*, 853 P2d at 101-02; *Byrd*, 451 SE2d at 407.

[¶13.] Other jurisdictions have held that disputes over the applicability of the going-and-coming rule constitute reasonable bases for an insurer to deny a workers' compensation claim. Complete Vending Services, Inc. v. Indus. Comm'n, 714 NE2d 30, 32-33 (IllCtApp 1999) (denying imposition of penalties because insurer's denial based on going-and-coming rule was reasonable); McLin v. Indus. Specialty Contractors, Inc., 851 So2d 1135, 1144 (La 2003) (denying penalties for insurer's refusal to pay claim based on going-and-coming rule). In *Complete Vending Services*, the employee was a vending machine repairman who was injured in an auto accident while driving a company owned, insured and fueled vehicle, who intended to stop by the office before going to the hospital to repair one of the company's vending machines. 714 NE2d at 31-32. The employee was eventually denied workers' compensation, but the arbitrator ruled in his favor and assessed penalties[7] against the employer. *Id.* Despite these facts, the court concluded no penalty should be assessed against the company reasoning:

> [T]here was a valid dispute as to whether the claimant's
> accident arose out of and in the course of his employment.

---

7.  In Illinois, the Workmen's Compensation Act allowed for the assessment of fines to "penalize an employer who unreasonably, or in bad faith, delays or withholds compensation due an employee." Cont'l Distrib. Co. v. Indus. Comm'n, 456 NE2d 847, 850 (Ill 1983); *see* 820 ILCS 305/19(k) & (l).

> Because penalties are not intended to inhibit contests of liability made in good faith and because the facts presented are somewhat unique, we conclude the imposition of penalties was inappropriate in this instance.

*Id.* at 33.

[¶14.] Finally, other jurisdictions have held an insurer is not liable for bad faith where the denial is based on an issue of first impression in the jurisdiction. *See* Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co., 779 NE2d 21, 29 (IndCtApp 2002); Georgia Farm Bureau Mut. Ins. Co. v. Williams, 597 SE2d 430, 432 (GaCtApp 2004); Narron v. Cincinnati Ins. Co., 97 P3d 1042, 1050-51 (Kan 2004); *McLin*, 851 So2d at 1144; Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. Hudson Energy Co., Inc., 780 SW2d 417, 426-27 (TexApp 1989), *aff'd*, 811 SW2d 552 (Tex 1991). Whether reimbursement for some travel expenses and a customary stop at the base location before proceeding to the worksite from home results in an exception to the going-and-coming rule was an issue of first impression. Hills should not be penalized for denying payment based on an issue of first impression.

[¶15.] Ultimately, Hills had an articuable and reasonable basis for the denial of benefits.[8] *See McLin*, 851 So2d at 1144. That the denial was eventually found to be erroneous does not mean the denial was in bad faith. All Nation Ins. Co. v.

---

8. Hills also listed several Department decisions where the going-and-coming rule has precluded workers' compensation benefits, including a case where the employee was injured in an auto accident while driving to a job site after he had met with his employer and had received his orders for the day. *See* Oren v. Midstates Drywall, HF No. 108, *available at* 1983 WL 162622 (SD Dep't of Labor 1983); *see also* Behrens v. Sioux Valley Properties Corp., HF No. 220, *available at* 2003 WL 22321878 (SD Dep't of Labor, Sept 30, 2003) (on-call doctor injured leaving hospital after being called to hospital).

Brown, 363 NW2d 216, 218 (SD 1985). "[T]he insurer is still authorized to challenge claims that are fairly debatable . . . and the insurer does not act tortiously if it acts 'upon a permissible, albeit mistaken, belief that the claim is not compensable.'" Case v. Toshiba Am. Info. Sys, Inc., 7 F3d 771, 773 (8thCir 1993) (internal and additional citation omitted). There is not one South Dakota case that has held reimbursement for travel expenses, nominal or otherwise, creates an exception to the going-and-coming rule.[9] With no applicable South Dakota law,[10] Hills relied on cases from other jurisdictions that found an employee is not injured within the course of, and that injury did not arise out of employment, when an employee is traveling to or from work, in their personal vehicle, when reimbursed travel expenses at a nominal rate. Mudlin received $6.00 per hour (after the first ½ hour). This cannot be characterized as reimbursement of "all or substantially all of the total expense involved." *Riccardi*, 312 A2d at 141. Given these facts, the claim

---

9.    In *Mudlin I*, this Court addressed and subsequently dismissed Hills' contention that the rule in *Ricciardi* should apply. Instead, this Court found the reimbursement was specifically for travel expenses and therefore, "the amount of compensation" and the distinction "between reimbursement for travel expenses and additional compensation" should not control. *Mudlin I*, 2005 SD 64, ¶12 n3, 698 NW2d at 72 n3.

10.   It is worth noting that Mudlin did not file for workers' compensation until two and one-half years after the accident and five months after she resigned employment. This may indicate she did not believe the injury involved her employment. While Mudlin argues that Hills' failure to report the incident to its insurer until she filed the workers' compensation action in December 2001 indicates bad faith, it is more persuasive toward Hills' good faith denial. Hills argues it did not report the claim as it, in their determination, did not arise out of or in the scope of employment; thus, Mudlin would not be entitled to workers' compensation. Hills' would not file a report on an incident that would not be entitled to workers' compensation.

was fairly debatable and Hills did not lack a reasonable basis for denying the claim. Accordingly, the circuit court did not err in granting summary judgment.

[¶16.] **2. Whether the circuit court erred in granting summary judgment based on a case defendants did not cite until the circuit court appeal.**

[¶17.] Citing *Walz v. Fireman's Fund Insurance Company*, 1996 SD 135, ¶16, 556 NW2d 68, 72, Mudlin alleges Hills cannot rely on *Ricciardi* because "only fact and law available to Insurer *when it denied coverage* are relevant." *Id.* (citing Isaac v. State Farm Mut. Auto. Ins. Co., 522 NW2d 752, 758 (SD 1994)). Mudlin claims that cases not available to insurer at the time of denial are irrelevant. She claims Hills cited *Ricciardi* years after denying benefits; therefore, the case was not available to them.

[¶18.] However, in W*alz*, the insurer could not rely upon a particular case when denying benefits because the case was decided two years after the denial of benefits. 1996 SD 135, ¶16, 556 NW2d at 72. In contrast, Hills relied upon the going-and-coming rule as the basis of its denial of benefits from the beginning of litigation. When Mudlin won at the Department because she received reimbursement for travel expenses, Hills cited *Ricciardi* to demonstrate payment does not necessarily bring the activity within the course or arise out of employment. Contrary to Mudlin's assertion, the case was available to Hills.

[¶19.] **3. Whether the circuit court's ruling is consistent with the purposes of workers' compensation law.**

[¶20.] Mudlin argues that affirming the circuit court's grant of summary judgment undermines the purposes of workers' compensation law. However, this Court and the Eighth Circuit Court of Appeals have consistently held that insurers

-10-

have the right to challenge claims that are fairly debatable.  *See Case*, 7 F3d at 773; Simkins v. Great West Cas. Co., 831 F2d 792, 793 (8thCir 1987); Ulrich v. St. Paul Fire & Marine Ins. Co., 718 FSupp 759, 762 (DSD 1989), *aff'd*, 912 F2d 961 (8thCir 1990); Julson v. Federated Mut. Ins. Co., 1997 SD 43, ¶6, 562 NW2d 117, 120, (1997); *Walz*, 1996 SD 135, ¶7, 556 NW2d at 70 (1996); *In re* Certification of a Question of Law from the U.S. Dist. Court, Dist. of South Dakota, W. Div. (Champion v. U. S. Fid. & Guar. Co.), 399 NW2d 320, 324 (SD 1987); *see also* Roger M. Baron, *When Insurance Companies Do Bad Things:  The Evolution of the "Bad Faith" Causes of Action in South Dakota*, 44 SD L Rev 471, 484-91 (1998-1999).  To accept Mudlin's argument would be to overrule our precedent and restrict an insurer's right to challenge fairly debatable claims.  We decline to do so.

[¶21.]　　　　Affirmed.

[¶22.]　　　　GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.