JACK TIGHE, Appellant, *v.* LAS VEGAS METROPOLI-
TAN POLICE DEPARTMENT and STATE INDUS-
TRIAL INSURANCE SYSTEM, Respondents.

No. 24187

July 7, 1994                    877 P.2d 1032

*Laura Wightman FitzSimmons,* Las Vegas, for Appellant.

*J. Michael McGroarty,* Las Vegas; *R. Scott Young,* General
Counsel, *William A. Zeigler,* Associate General Counsel, and
*Jerome K. Osborn,* Associate General Counsel, State Industrial
Insurance System, Carson City, for Respondents.

## OPINION

*Per Curiam:*

### THE FACTS

On April 20, 1990, appellant Jack Tighe suffered career-ending injuries in an automobile accident. At the time, Tighe, a nineteen-year veteran of the Las Vegas Metropolitan Police Department (Metro), was an undercover officer assigned to narcotics. The facts of record indicate that after ending his regular shift at 2:00 a.m., Tighe met with fellow officers and his direct supervisor at a Las Vegas restaurant to discuss the previous evening's activities, plan an undercover narcotics purchase, and enjoy dinner. It is uncontroverted that Tighe consumed a moderate amount of beer with his dinner.

Tighe left the restaurant parking lot at 4:30 a.m. and began a direct route home. Since Tighe was "on call," he carried a police beeper and drove an undercover Metro vehicle equipped with a police radio. At the intersection of Industrial and Oquendo, a

concrete truck operating without its lights slowly pulled into Tighe's path from an intersecting road, causing Tighe to strike it from the rear. The driver of the truck was cited for failure to yield the right-of-way.

Tighe filed a workers' compensation claim, which the State Industrial Insurance System ("SIIS") rejected on grounds that Tighe's injuries were unrelated to his employment and that an award of benefits was precluded by NRS 616.565(1)(c). The denial of Tighe's claim was later sustained by a hearing officer to whom Tighe had appealed. Tighe thereafter appealed to appeals officer Michael E. Rowe, who determined, *inter alia:* (1) Tighe's injuries arose out of and in the course of his employment; (2) the driver of the cement truck was the "sole cause" of the accident; and (3) Tighe's consumption of alcohol neither impaired his ability to operate the vehicle nor contributed to the accident.

As a result of his findings, the appeals officer reversed the hearing officer's decision and remanded the matter to SIIS with instructions to honor Tighe's claim for benefits. Thereafter, SIIS obtained a favorable ruling on judicial review in the district court. The appeals officer's decision was reversed on grounds that the first finding was legally erroneous and the second and third findings were not supported by substantial evidence. Convinced that the district court erred in reversing the award he had secured from the appeals officer, Tighe appealed to this court.

## DISCUSSION

Our role in reviewing an administrative agency's decision is identical to that of the district court: we review the record considered by the agency to determine whether the agency's decision is supported by substantial evidence. A decision that lacks support in the form of substantial evidence is arbitrary or capricious, and thus an abuse of discretion that warrants reversal. NRS 233B.135(3); Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983). We will affirm the agency's decision if it is supported by substantial evidence in the record. State Indus. Ins. System v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." State Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986). Neither we nor the district court may substitute our judgment for that of the agency as to the weight of evidence on a question of fact. NRS 233B.135(3). However, the construction of a statute is a question of law and independent appellate review, rather than a more deferential standard of

review, is appropriate. Maxwell v. SIIS, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993). We now consider the two issues raised by this appeal.

1. *Whether Tighe's injuries arose out of and in the course of his employment*

NRS 616.270(1) requires employers to provide compensation to employees for injuries "arising out of and in the course of the employment." In Crank v. Nevada Indus. Comm'n, 100 Nev. 80, 675 P.2d 413 (1984), we recognized the general rule that "injuries sustained by an employee while going to his regular place of work are not deemed to arise out of and in the course of his employment." *Id.* at 82, 675 P.2d at 414. We also noted that "[a]n exception to that rule applies where the employee is paid an identifiable amount as compensation for his expense of travel." *Id.* (citing 1 Arthur Larson, *The Law of Workmen's Compensation* §§ 16.20, 15.30 (1982)).

The district court analyzed the circumstances of Tighe's claim in light of the above exception and found that because Tighe was not compensated for the expenses of his travel, he was not covered by the industrial insurance act at the time of his accident. By focusing on the single exception discussed in *Crank,* the district court failed to recognize other exceptions to the "going and coming" rule, two of which are applicable to the instant case.

First, an employee may still be within the course of his or her employment when the travel to or from work confers a distinct benefit upon the employer. For example, we concluded in Evans v. Southwest Gas Corp., 108 Nev. 1002, 842 P.2d 719 (1992), that a service technician who was on call and driving home in his employer's van was still within the course of his employment because he was subject to his employer's control and was furthering his employer's business in taking the van home. *Id.* at 1006, 842 P.2d at 721-22. Like the employee in *Evans,* Tighe was driving home in his employer's vehicle and was subject to his employer's control at the time of the accident. The police radio and beeper provided a means for Metro to summon Tighe in a time of need, and Metro benefitted from having one of its undercover officers driving an undercover vehicle. Indeed, Metro concedes that the instant facts fall squarely within the facts of *Evans,* but would distinguish the two cases on the basis that *Evans* implicated *respondeat superior* liability, whereas the instant case involves SIIS coverage and benefits. Although the two cases may indeed be so distinguished, the exercise is without relevance. Our

reasoning in *Evans* has direct application here on the relevant point of course of employment, thus the *Evans* factors are of compelling application to the terms of NRS 616.270(1).

Second, the unique nature of law enforcement requires us to distinguish it from other types of traditional employment. As Professor Larson noted:

> [I]t has been recognized that policemen are "on call" in a special sense. That is, while the usual on-call employee is subject to the possibility of a specific summons emanating directly from his employer, the policeman may be at any moment "called" into duty by events taking place in his presence, whether or not he is technically off duty. Awards have accordingly been made to policemen injured in the course of an ordinary going or coming journey.

1 Arthur Larson, *Larson's Workmen's Compensation Law* § 16.17 (1993).

In City of Springfield v. Indus. Comm'n, 614 N.E.2d 478 (Ill. App. Ct. 1993), a police officer was injured in an automobile accident while returning to work from lunch at home. Like Tighe, at the time of the accident, the officer was wearing a police beeper and driving an unmarked department vehicle equipped with a police radio. The Illinois Court of Appeals held that the injuries were compensable because the officer had the radio on and was available to respond "in the normal course to any request for assistance or emergency he encountered." *Id.* at 480. *See also* Hanstein v. City of Ft. Lauderdale, 569 So.2d 493, 494 (Fla. Dist. Ct. App. 1990) ("[b]ecause police officers are generally charged with a duty of law enforcement while traveling on public thoroughfares, it has long been established that injuries which such officers sustain while traveling to and from work may be compensated under the Florida Workers' Compensation law").

Today's ruling is not sufficiently broad and all-inclusive to justify the conclusion that *all* law enforcement officers are *always* excluded from the general rule that injuries sustained while traveling to or from work do not arise out of and in the course of employment. However, there is substantial evidence in the administrative record to find that Tighe's injuries occurred within the course of his employment. Tighe was on call and driving a police vehicle equipped with a police radio, and he was prepared to respond to any public emergency he may have encountered. Tighe made no diversion for personal purposes, nor can we reweigh the evidence to conclude that he significantly deviated from the standard of conduct we expect of our police officers.

## 2. *Whether NRS 616.565(1)(c) precludes Tighe from receiving SIIS benefits*

Having determined that Tighe's injuries arose out of and in the course of his employment, we now turn to whether he is nevertheless statutorily precluded from receiving SIIS benefits. NRS 616.565(1)(c) sets forth the rebuttable presumption that *if* an employee is intoxicated when he or she sustains an injury, the intoxication is presumed to be the proximate cause of the injury and the employee is precluded from receiving SIIS benefits.[1] Tighe's two experts provided compelling, scientific, and substantial evidence to the appeals officer that Tighe was not intoxicated at the time of the accident, that Tighe's reflexes and attempt to avoid the truck were "excellent," and that Tighe's moderate consumption of beer played no role whatsoever in the accident. Metro failed to refute the experts' testimony with substantial evidence of its own. Accordingly, we conclude that the district court erred in reweighing the evidence considered by the appeals officer and finding that there was "no substantial evidence to support the Appeals Officer's decision that Claimant was not intoxicated and that his intoxication was not a proximate cause of the accident."

### CONCLUSION

For the foregoing reasons, the order entered below is reversed, and this matter is remanded to the district court with instructions to enter an order sustaining the appeals officer's decision providing an award of benefits to Tighe.

---

[1]NRS 616.565(1)(c) provides:

    1. Compensation is not payable pursuant to the provisions of this chapter for an injury.

    . . . .

    (c) Proximately caused by the employee's intoxication, whether by alcohol or a controlled substance. If the employee was intoxicated at the time of his injury, intoxication must be presumed to be a proximate cause unless rebutted by evidence to the contrary.