JULIE MITCHELL, Appellant, *v.* CLARK COUNTY
SCHOOL DISTRICT, Respondent.

No. 40999

May 26, 2005                                            111 P.3d 1104

[Rehearing denied July 8, 2005]

[En banc reconsideration denied September 7, 2005]

*James P. Kemp,* Las Vegas, for Appellant.

*Carrie S. Bourdeau,* Assistant General Counsel, and *Africa A. Sanchez,* Deputy Assistant General Counsel, Las Vegas, for Respondent.

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether to modify our holding in *Rio Suite Hotel & Casino v. Gorsky*,[1] which requires a workers' compensation claimant to prove a causal connection between a workplace injury and the workplace environment.[2] In this, appellant urges this court to adopt a less stringent ''positional-risk'' test for compensation under the Nevada Industrial Insurance Act (NIIA).[3]

### FACTS AND PROCEDURAL HISTORY

Appellant Julie Mitchell, a Clark County classroom teacher, inexplicably fell down a flight of stairs while at work. She could not identify any foreign material on the floor that caused her to fall. Rather, she stated that one moment she was walking toward the

[1]113 Nev. 600, 939 P.2d 1043 (1997).

[2]*See* NRS 616C.150(1).

[3]NRS Chapters 616A to 616D, inclusive.

.

staircase, and the next moment she was falling down the stairs. Mitchell hit her head and sustained a broken collarbone, abrasions and bruises to her face. A physician concluded that the injury was work-related and found no evidence of contributing preexisting conditions or of drug or alcohol use. Nevertheless, respondent Clark County School District denied Mitchell's subsequent workers' compensation claim. Mitchell administratively appealed, and ultimately, the appeals officer, based upon *Gorsky,* upheld the school district's denial of benefits. The district court denied Mitchell's subsequent petition for judicial review. Mitchell appeals.

## DISCUSSION

This court "review[s] an administrative body's decision for clear error or an arbitrary abuse of discretion."[4] This court will not disturb an agency's factual findings that are supported by substantial evidence.[5] However, "[q]uestions of law are reviewed de novo."[6]

NRS 616C.150(1) provides that an injured employee is not entitled to receive workers' compensation "unless the employee . . . establish[es] by a preponderance of the evidence that the employee's injury arose out of and in the course of his employment." The parties do not dispute that Mitchell's fall occurred during the course of her employment. Instead, they focus on whether Mitchell's fall "arose out of" her employment. Mitchell argues that, because her fall was unexplained rather than the result of an idiopathic reason personal to her, such as epilepsy or an irregular gait,[7] and because staircases are inherently dangerous, her fall "arose out of" her employment, and she is entitled to workers' compensation benefits.

*Rio Suite Hotel & Casino v. Gorsky*[8] involved injuries suffered by an employee at work from a fall that occurred while walking on

---

[4]*Construction Indus. v. Chalue,* 119 Nev. 348, 352, 74 P.3d 595, 597 (2003).

[5]*Bullock v. Pinnacle Risk Mgmt.,* 113 Nev. 1385, 1388, 951 P.2d 1036, 1038 (1997).

[6]*Id.*

[7]An unexplained fall, originating neither from employment conditions nor from conditions personal to the claimant, is considered to be caused by a neutral risk, while a fall caused by the claimant's personal condition is deemed idiopathic. *Builders Square, Inc. v. Industrial Com'n,* 791 N.E.2d 1308, 1311 (Ill. App. Ct. 2003).

[8]113 Nev. 600, 939 P.2d 1043 (1997).

a flat surface. In that context, we interpreted the phrase "arising out of employment" as requiring "a causal connection between the injury and the employee's work," in which "the origin of the injury is related to some risk involved within the scope of employment."[9] We noted that the statute's language made it clear that the Nevada Industrial Insurance Act was not intended to make employers absolutely liable for any injury that might happen while an employee was working, but rather required a claimant to "establish more than merely being at work and suffering an injury in order to recover."[10] As the cause of the *Gorsky* employee's fall was the employee's medical condition and not any external force or foreign substance in the hallway, the employee was unable to show that his injuries were in any way related to an employment risk. Accordingly, as his injuries were not caused by his work and did not "arise out of" employment, the *Gorsky* employee was not entitled to workers' compensation.[11]

Mitchell attempts to distinguish *Gorsky* based upon the fact that Gorsky's injuries resulted from a preexisting medical condition, whereas Mitchell had no health problems predisposing her to fall. This argument is misplaced. Our interpretation of NRS 616C.150(1) in *Gorsky* does not focus on whether conditions personal to the claimant caused an injury, but on whether the cause of an injury is sufficiently connected to a risk of employment. Here, Mitchell could not explain the cause of her fall. Further, the record showed that she started to fall even before reaching the staircase and that her momentum carried her forward and down the stairs. Hence, the staircase, while arguably more inherently dangerous than a flat hallway, did not cause Mitchell's fall. Because Mitchell was unable to show a causal connection between her fall and workplace conditions, under *Gorsky,* the appeals officer properly concluded that Mitchell's injury did not arise from her employment.

Mitchell further argues that we should modify *Gorsky* by adopting a "positional-risk" test for compensability. Under this test, embraced by a growing number of jurisdictions, the administrative tribunal must resolve whether the claimant would have been injured "*but for* the fact that the conditions and obligations of the employment placed [the] claimant in the position where he was injured."[12] An injury arises out of employment under a positional-risk analy-

[9]*Id.* at 604, 939 P.2d at 1046.

[10]*Id.* at 605, 939 P.2d at 1046.

[11]*Id.*

[12]1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 3.05, at 3-6 (2004).

sis, even if "the only connection of the employment with the injury is that its obligations placed the employee in the particular place at the particular time when he or she was injured by some neutral force."[13] The term "neutral" means that the cause of the injury was not attributable to some condition "personal to the claimant [or] distinctly associated with the employment."[14]

We conclude that a positional-risk test is incompatible with the Nevada Industrial Insurance Act. As we recognized in *Gorsky,* NRS 616C.150 imposes the burden on the claimant to show, by a preponderance of the evidence, that the injury arose out of and in the course of the employment. Because the positional-risk test reduces the claimant's burden and requires only a showing that the claimant sustained an injury on the job, it directly contravenes the language of NRS 616C.150.

Moreover, although the positional-risk test is consistent with a liberal statutory construction favoring the claimant in workers' compensation claims, NRS 616A.010(2) specifically abrogates the common-law requirement that workers' compensation statutes be construed liberally because they are remedial in nature. Instead, NRS 616A.010(4) requires a neutral interpretation of the workers' compensation laws. Therefore, we decline to adopt the positional-risk test in Nevada and conclude that the appeals officer and district court properly applied the *Gorsky* holding to Mitchell's case.

Finally, Mitchell argues that, even if the staircase did not *cause* her fall, her injuries are compensable if the staircase constituted a dangerous condition that *exacerbated* her injuries. Several jurisdictions have held that, when some factor peculiar to the employment contributed to an injury from a fall, the injury is compensable even if the fall had an idiopathic origin.[15] When the fall is from neutral causes, rather than from the claimant's own condition, a stronger argument may be made that employment conditions that contribute to or aggravate the injury should be compensable.[16] However, many of the jurisdictions that allow compensation for injuries sustained in an unexplained fall do so by applying a pre-

[13]*Id.*

[14]*Id.*

[15]*See Koehler Elec. v. Wills,* 608 N.W.2d 1, 2, 5 (Iowa 2000); *Flanner v. Tulsa Public Schools,* 41 P.3d 972, 976 (Okla. 2002).

[16]*See, e.g., Circle K Store No. 1131 v. Indus. Com'n,* 796 P.2d 893, 898 (Ariz. 1990); *Milledge v. Oaks,* 784 N.E.2d 926, 930 (Ind. 2003); *Logsdon v. ISCO Co.,* 618 N.W.2d 667, 674 (Neb. 2000); *Rackley v. Coastal Painting,* 570 S.E.2d 121, 124 (N.C. Ct. App. 2002); *Turner v. B Sew Inn,* 18 P.3d 1070, 1076 (Okla. 2000).

sumption that the injury arose out of the employment. These jurisdictions also generally have adopted the positional-risk test.[17] As we reject the positional-risk test, we likewise reject the proposition that noncompensable injuries having no causal connection with the employment become compensable when they are exacerbated by workplace conditions that are neither peculiar to employment nor related to the cause of the injury in the first place. Here, Mitchell's work environment did not cause her to fall, and the staircase did not make her workplace conditions "any different from or any more dangerous than those a member of the general public could expect to confront in a non-work setting."[18] A rule allowing her to obtain compensation for any exacerbation would, in effect, abrogate the causal connection requirement outlined above.

## CONCLUSION

Because we decline Mitchell's invitation to adopt a positional-risk test, we conclude that the appeals officer's decision to deny compensation was not arbitrary and capricious. We therefore affirm the judgment below.

MAUPIN and DOUGLAS, JJ., concur.

---

[17]See Circle K, 796 P.2d at 898; Milledge, 784 N.E.2d at 931-32; Logsdon, 618 N.W.2d at 674; Turner, 18 P.3d at 1076.

[18]Abel v. Mike Russell's Standard Service, 924 S.W.2d 502, 504 (Mo. 1996).