MGM MIRAGE, APPELLANT, *v.* BRENDA COTTON, RESPONDENT.

No. 43324

July 28, 2005                                                    116 P.3d 56

*David H. Benavidez,* Henderson, for Appellant.

*Craig P. Kenny & Associates* and *Craig P. Kenny* and *Kathryn N. Potvin,* Las Vegas, for Respondent.

Before MAUPIN, DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

In this appeal, we consider whether an employee, who suffers an injury connected to the work environment and on the employer's premises while arriving to or departing from work, is eligible for

workers' compensation benefits. Generally, under the "going and coming" rule, employees are not entitled to workers' compensation for injuries sustained while traveling to or from work. We now adopt a premises-related exception to the "going and coming" rule. Thus, we hold that an employee who is injured on the employer's premises within a reasonable interval before or after work may be eligible for workers' compensation.

### FACTS

In January 2003, respondent Brenda Cotton, an employee of appellant MGM Mirage in Las Vegas, Nevada, walked through her employer's parking lot approximately ten minutes before her scheduled shift. Cotton injured herself when she tripped over a curb while stepping from the parking lot onto the sidewalk leading to the entrance of an MGM building. She was diagnosed with an ankle fracture, sprain and ligament tear.

MGM denied Cotton's workers' compensation claim, reasoning that Cotton had failed to establish that her injury arose out of and in the course of employment under NRS 616C.150. A hearing officer affirmed MGM's determination, noting that "the injury is stated to have occurred prior to being 'on the clock.'" An appeals officer reversed the hearing officer's decision and awarded compensation, and the district court denied MGM's subsequent petition for judicial review. MGM appeals.

### DISCUSSION

This court "review[s] an administrative body's decision for clear error or an arbitrary abuse of discretion."[1] We will not disturb an agency's factual findings that are supported by substantial evidence.[2] However, "[q]uestions of law are reviewed *de novo.*"[3] Analysis of the premises exception to the going and coming rule presents a question of law for this court's review.

NRS 616B.612(1) requires an employer to provide compensation in accordance with the terms of the Nevada Industrial Insurance Act[4] for any employee injuries "arising out of and in the course of the employment." NRS 616C.150(1) provides that an injured employee is not entitled to receive workers' compensation unless she establishes by a preponderance of the evidence that her injury arose out of and in the course of her employment.

---

[1]*Construction Indus. v. Chalue,* 119 Nev. 348, 352, 74 P.3d 595, 597 (2003).

[2]*Bullock v. Pinnacle Risk Mgmt.,* 113 Nev. 1385, 1388, 951 P.2d 1036, 1038 (1997).

[3]*Id.*

[4]NRS Chapters 616A-616D, inclusive.

We previously have explained that the language of the statute reveals that legislators did not intend the Nevada Industrial Insurance Act to make employers absolutely liable for any injury that might happen while an employee was working. Rather, the statute requires a claimant to "establish more than merely being at work and suffering an injury in order to recover."[5] In *Rio Suite Hotel & Casino v. Gorsky,* we interpreted the statutory language "arose out of . . . employment"[6] to signify that the claimant must show a causal connection between the injury and the workplace environment.[7] As noted by the appeals officer below, we have sustained a workers' compensation award when an employer's truck struck an employee as he waited on the employer's premises, after his shift, for his ride home.[8]

MGM argues that Cotton was not injured in the course of employment when she arrived in her employer's parking lot about ten minutes before she was scheduled to work because "injuries sustained by employees while going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment," unless the injuries fall under an exception to the rule.[9] MGM contends that the inquiry in Nevada is whether the employee was performing a service for the employer or acting within the employer's control at the time of the injury.[10]

MGM correctly states that Nevada looks to whether the employee is in the employer's control in order to determine whether an employee is acting within the scope of employment when an accident occurs outside of the actual period of employment or off the employer's premises.[11] Thus, we have embraced a "going and coming" rule, precluding compensation for most employee injuries that occur during travel to or from work. This rule frees em-

---

[5]*Rio Suite Hotel & Casino v. Gorsky,* 113 Nev. 600, 605, 939 P.2d 1043, 1046 (1997).

[6]NRS 616C.150(1).

[7]*Gorsky,* 113 Nev. at 604, 939 P.2d at 1046.

[8]*See Provenzano v. Long,* 64 Nev. 412, 428, 183 P.2d 639, 646-47 (1947).

[9]*Nev. Industrial Comm. v. Dixon,* 77 Nev. 296, 298, 362 P.2d 577, 578 (1961); *see also* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 13.01(1) (2004).

[10]*National Convenience Stores v. Fantauzzi,* 94 Nev. 655, 658, 584 P.2d 689, 691 (1978) (a respondeat superior case); *Nevada Ind. Com. v. Leonard,* 58 Nev. 16, 24, 68 P.2d 576, 579 (1937).

[11]*Tighe v. Las Vegas Metro. Police Dep't,* 110 Nev. 632, 636, 877 P.2d 1032, 1035 (1994); *Schepcoff v. SIIS,* 109 Nev. 322, 325, 849 P.2d 271, 273 (1993); *Leonard,* 58 Nev. at 26, 68 P.2d at 579-80; *Costley v. Nevada Ind. Ins. Com.,* 53 Nev. 219, 225, 296 P. 1011, 1013 (1931).

ployers from liability for the dangers employees encounter in daily life.

However, Cotton's situation is that of an employee injured on the employer's premises as the employee arrived for work. Although Nevada has not expressly adopted a premises-related exception to the going and coming rule, other states have. Many jurisdictions recognize that ''[o]ne exception to the 'going and coming' rule is the 'parking lot' rule: An injury sustained on an employer's premises while an employee is proceeding to or from work is considered to have occurred 'in the course of employment.' ''[12]

We agree with this approach. When an employee has use of the employer's premises, for example, for parking, the employee must necessarily have a reasonable margin of time and space in going and coming between her automobile and work.[13] Under a parking lot or premises-related exception to the going and coming rule, injuries sustained on the employer's premises while the employee is proceeding to or from work, within a reasonable time, are sufficiently connected with the employment to have occurred ''in the course of employment.''[14]

We emphasize that the inquiry is two-fold. If an employee establishes that an injury occurred in the course of employment, she also must show that the injury ''arose out of'' the employment. In this case, Cotton was on the employer's premises as she walked from the employer's parking lot to the employer's sidewalk entrance about ten minutes before she was scheduled to work. She tripped over the curb, part of the workplace environment, and injured her ankle. Thus, Cotton first showed that her injury occurred in the course of employment because she was injured within a reasonable time before starting work.[15] Second, she demonstrated that her injury arose out of her employment because she established the

---

[12]*Hearthstone Manor v. Stuart,* 84 P.3d 208, 211 (Or. Ct. App. 2004) (quoting *Norpac Foods, Inc. v. Gilmore,* 867 P.2d 1373, 1376 (Or. 1994)); *see also P.B. Bell & Associates v. Ind. Com'n of Ariz.,* 690 P.2d 802, 805 (Ariz. Ct. App. 1984); *Smith v. State, Dept. of Labor & Indus.,* 907 P.2d 101, 105 (Haw. 1995); *Milledge v. Oaks,* 784 N.E.2d 926, 929 (Ind. 2003); *Goff v. Farmers Union Accounting Service, Inc.,* 241 N.W.2d 315, 317 (Minn. 1976); *Barnes v. Stokes,* 355 S.E.2d 330, 331 (Va. 1987).

[13]*North Amer. Rock. Corp., S.D. v. Workmen's Comp. App. Bd.,* 87 Cal. Rptr. 774, 777 (Ct. App. 1970).

[14]*See Norpac Foods,* 867 P.2d at 1376.

[15]1 Larson & Larson, *supra* note 9, § 12.01; *see, e.g., Brooks v. Carter,* 430 N.E.2d 566, 568 (Ill. App. Ct. 1981); *Barre v. TCIM Services, Inc.,* 971 P.2d 874, 877 (Okla. Civ. App. 1998); *Barnes,* 355 S.E.2d at 331.

causal link between the injury and workplace conditions or workplace environment. Accordingly, the appeals officer did not abuse her discretion by awarding Cotton benefits.

## CONCLUSION

We expressly adopt a premises-related exception to the going and coming rule and hold that an employee injured on the employer's premises while proceeding to or from work within a reasonable interval before or after work may be entitled to workers' compensation. Therefore, we conclude that the appeals officer's determination that Cotton's injury arose out of and in the course of her employment was not in error or an arbitrary abuse of discretion, and we affirm the judgment below.