136 Nev., Advance Opinion 51

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CANNON COCHRAN MANAGEMENT
SERVICES, INC.; AND LAS VEGAS
METROPOLITAN POLICE
DEPARTMENT,
Appellants,
vs.
DAVID FIGUEROA,
Respondent.

No. 78926

**FILED**

JUL 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review in a workers' compensation action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Affirmed.*

Lewis Brisbois Bisgaard & Smith LLP and Daniel L. Schwartz and Joel P. Reeves, Las Vegas,
for Appellants.

Jason D. Mills & Associates, Ltd., and Jason D. Mills, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, GIBBONS, J.:

In this appeal, we consider the scope of the law-enforcement exception to the "going and coming rule" in workers' compensation matters. In doing so, we adopt a totality-of-the-circumstances approach to determine

20-27738

whether an officer's injury qualifies for the exception. Applying that approach here, we conclude the appeals officer's decision was not supported by substantial evidence and was therefore arbitrary and capricious. Therefore, we affirm the district court's order granting judicial review and reversing the appeals officer's decision.

## FACTS AND PROCEDURAL HISTORY

Respondent David Figueroa is a police officer with appellant, the Las Vegas Metropolitan Police Department (LVMPD). After previously being absent from work for an extended period of time due to injury, Figueroa was assigned to a re-acclimation program at LVMPD, where he performed his duties using a standard patrol car. Upon completion of the re-acclimation program, Figueroa was set to resume his duties as a traffic officer, which mandated his riding a motorcycle.

On March 7, 2015, Figueroa was scheduled to work until 12:30 a.m., when his sergeant informed him at 11:45 p.m. he could leave early for the day. Although he would still be paid for the remainder of his shift, Figueroa was allowed to start his commute home earlier than normal. However, this was not a normal commute home. Figueroa rode his personal motorcycle to work that day, and his sergeant instructed him to get some "seat time" on his way home. "Seat time" in this context means to practice riding a motorcycle. Figueroa's sergeant wanted him to get re-acclimated to riding a motorcycle, as Figueroa would be transitioning back to his assignment as a traffic officer, which mandated his riding a motorcycle. Figueroa's sergeant also told him to stay close to his phone in case they tried to contact him. Additionally, although he was given an early out for the day, because Figueroa was still "on the clock" and getting paid, he was required to abide by LVMPD's employment policies, such as refraining from consuming alcohol.

During his drive home, Figueroa was wearing his personal clothing but was carrying certain service-related items such as his weapon, handcuffs, and police radio in a separate bag. Five minutes before Figueroa's shift was originally scheduled to end and when Figueroa was approximately a mile and a half from the police station, he was struck by another vehicle. Figueroa was placed in a medically induced coma for six days given the severity of his injuries. Following this accident, Figueroa was unable to work for approximately a year and a half.

Figueroa filed a workers' compensation claim for the injuries he sustained in the accident. Appellant Cannon Cochran Management Services, Inc., denied the claim, and Figueroa appealed the decision. The appeals officer likewise denied Figueroa's claim, concluding Figueroa's injury did not arise out of and in the course and scope of his employment. In reaching this decision, the appeals officer determined that at the time of the accident, Figueroa was not performing his job duties as a police officer, was on his commute home, and was riding his personal motorcycle, such that no exception to the general rule excluding compensation while going to or from work applied. Figueroa filed a petition for judicial review, and the district court granted the petition, concluding that Figueroa's accident indeed arose out of and in the course of his employment.

*DISCUSSION*

This court reviews an administrative agency's decision in the same manner a district court reviews an administrative agency's decision: by reviewing the record the agency considered "to determine whether the agency's decision is supported by substantial evidence." *Tighe v. Las Vegas Metro. Police Dep't*, 110 Nev. 632, 634, 877 P.2d 1032, 1034 (1994). "Substantial evidence is that which a reasonable mind might accept as

adequate to support a conclusion." *Id.* (internal quotations omitted). "A decision that lacks support in the form of substantial evidence is arbitrary or capricious, and thus an abuse of discretion that warrants reversal." *Id.*; NRS 233B.135(3). Therefore, this court gives no deference to the district court when reviewing an order regarding a petition for judicial review. *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011).

NRS 616C.150(1) provides that an injured employee may receive compensation if he or she establishes "by a preponderance of the evidence that the employee's injury arose out of and in the course of his or her employment." "An injury occurs within the course of employment when there is a causal connection between the injury and the nature of the work or the workplace." *Fanders v. Riverside Resort & Casino, Inc.*, 126 Nev. 543, 546-47, 245 P.3d 1159, 1162 (2010).

This court has recognized a general rule, known as the "'going and coming' rule, [which] preclude[s] compensation for most employee injuries that occur during travel to or from work." *MGM Mirage v. Cotton*, 121 Nev. 396, 399, 116 P.3d 56, 58 (2005). However, the going-and-coming rule has exceptions. *Tighe*, 110 Nev. at 635-36, 877 P.2d at 1035. One exception, known as the distinct-benefit exception, provides that an employee may still be in the course of employment when going or coming if the employee's travel "confers a distinct benefit upon the employer." *Id.* at 635, 877 P.2d at 1035. For example, we have recognized that an on-call service technician who was injured while driving his employer's van home was conferring a distinct benefit on his employer because he was still under his employer's control and was furthering his employer's business by driving the van. *Evans v. Sw. Gas Corp.*, 108 Nev. 1002, 1006, 842 P.2d

SUPREME COURT
OF
NEVADA

(O) 1947A

4

719, 721-22 (1992), *overruled on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 268 n.6, 21 P.3d 11, 13 n.6 (2001). Another exception pertains specifically to law enforcement.[1] *Tighe*, 110 Nev. at 636, 877 P.2d at 1035. The law-enforcement exception recognizes that law-enforcement officers generally possess a responsibility to enforce the law while traveling on public roads, so the injuries they sustain while traveling may be compensated. *Id.* (citing *Hanstein v. City of Ft. Lauderdale*, 569 So. 2d 493, 494 (Fla. Dist. Ct. App. 1990)).

As a threshold matter, we acknowledge the similarities between the distinct-benefit exception and the law-enforcement exception. It is common for courts to consider whether a law-enforcement officer was conferring a benefit on his or her employer in determining whether the law-enforcement exception applies. However, because the distinct-benefit exception is separate from the law-enforcement exception, this overlap in analysis is not appropriate. As a result, we now clarify that the distinct-benefit exception applies only to non-law-enforcement employees, while the law-enforcement exception is reserved for law-enforcement officers. Whether a law-enforcement officer conferred a benefit upon his employer is a circumstance we can take into account in considering whether the law-enforcement exception applies. However, whether or not a law-enforcement officer conferred such a benefit, it is not an exception unto its own. As we have previously recognized, law enforcement is a specialized industry and "policeman are 'on call' in a special sense." *Tighe*, 110 Nev. at 636, 877 P.2d at 1035 (quoting 1 Arthur Larson, *Larson's Workmen's Compensation Law*

_____

[1]We recognize that other exceptions to the going-and-coming rule exist, but because they are not applicable to this case, we decline to address them.

§ 16.17 (1993)). Because we have recognized that law enforcement differs from traditional employment, it is only logical that the traditional exceptions would not apply to the law-enforcement profession. Accordingly, we conclude that the distinct-benefit exception to the going-and-coming rule is not applicable to law-enforcement officers.

Now, we turn to the application of the law-enforcement exception in this matter. In *Tighe*, we concluded the law-enforcement exception applied after we considered the specific facts surrounding the officer's injury. 110 Nev. 636, 877 P.2d 1035-36. Such facts included that the officer was on call, driving a police vehicle equipped with a police radio, and was prepared to respond to public emergencies should he encounter one. *Id.* However, these specific facts were not meant to serve as an exhaustive list of criteria for when the law-enforcement exception could be applied.

We therefore take this opportunity to clarify that a court must look to the totality of the circumstances on a case-by-case basis in determining whether the law-enforcement exception applies. *See Mineral Cty. v. Indus. Comm'n of Colo.*, 649 P.2d 728, 730 (Colo. App. 1982) (concluding "the Commission's determination whether an accident has occurred in the course of employment depends on an examination of the totality of the circumstances"); *City of Springfield v. Indus. Comm'n*, 614 N.E.2d 478, 480-81 (Ill. App. Ct. 1993) ("The principal issue, as we have indicated, was whether the employer, under all the circumstances, can be deemed to have retained authority over the employee."). Therefore, a court must take into account all of the circumstances surrounding a law-

SUPREME COURT
OF
NEVADA

(O) 1947A

enforcement officer's injury to properly assess whether a connection can be established to his or her employment.[2]

Applying the totality-of-the-circumstances test to Figueroa's accident, it is clear he qualifies for the law-enforcement exception. First, at the time of the accident, Figueroa was still on the clock, and thus being paid. While this fact alone does not render Figueroa's claim compensable, as the appeals officer correctly noted, it is certainly one relevant circumstance we must take into account. As mentioned previously, because Figueroa still had time remaining on his shift, he was unable to consume any alcohol pursuant to LVMPD's employment policies. This fact illustrates LVMPD was still exerting a certain degree of control over Figueroa at the time of his accident, supporting the conclusion that he was within the course and scope of his employment. Finally, at the time of the accident, Figueroa was fulfilling his sergeant's order to get "seat time." As a result, Figueroa was not fully discharged from all of his responsibilities for the day. Instead, this circumstance illustrates Figueroa was performing a work assignment and was still under the control of his employer.

_____

[2]While some circumstances might not have the same weight if they were considered in regard to a different type of employment, this is precisely why the law-enforcement exception is applicable over the distinct-benefit exception. For example, in this case, Figueroa was precluded from consuming alcohol at the time of the accident. While this same policy might also be present in other professions such as sales, it would not affect a salesperson in the same way it would a law-enforcement officer. Because law-enforcement officers are on call in a special sense and have a general duty to enforce the law on public thoroughfares, this policy forbidding officers from consuming alcohol while still on the clock ensures officers remain vigilant and prepared to respond to emergencies they may encounter. Because a salesperson would not bear the same responsibility should he encounter a public emergency, a circumstance like this would not matter in that profession.

Accordingly, after applying a totality-of-the-circumstances approach, we conclude the appeals officer erred in denying Figueroa's workers' compensation claim, as the determination that Figueroa's injury did not arise out of and in the course of his employment is not supported by substantial evidence and is therefore arbitrary and capricious in light of the evidence in the record as a whole. *See* NRS 233B.135(3) (providing a court may set aside an agency's decision if it is: (1) "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record[,]" or (2) "[a]rbitrary or capricious or characterized by abuse of discretion").

## CONCLUSION

Because the appeals officer's decision is arbitrary and capricious in light of the totality of the circumstances surrounding Figueroa's accident as shown in the whole record, we affirm the district court's order granting Figueroa's petition for judicial review and reversing the appeals officer's decision.

_____, J.
Gibbons

We concur:

_____, J.
Stiglich

_____, J.
Silver