# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN HOPKINS,
Appellant,
vs.
CANNON COCHRAN MANAGEMENT
SERVICES, INC., D/B/A CCMSI; AND
WASHOE COUNTY,
Respondents.

No. 82894

FILED

MAR 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Susan Hopkins works for respondent Washoe County's (Washoe) Health Department. Washoe was contractually required to give Hopkins two paid 15-minute breaks for every eight hours worked. During her breaks, Hopkins often walked around the Reno Sparks Livestock Events Center (RSLEC) located next to her office building. On September 23, 2019, the security administrator for the building in which Hopkins worked emailed all employees to inform them that "[f]or the safety of walkers on the property during breaks, Reno Sparks Livestock Events Center staff have requested walkers avoid the construction and stall areas of the RSLEC." The email included an attached a map that highlighted the dangerous areas to avoid in red and the safe areas to walk in green.

On September 24, 2019, Hopkins walked around the Health Department building's premises on her paid break. Approximately 50 to 75 feet outside of the building's entrance, Hopkins tripped over a sidewalk that

was raised one inch and fell. After several coworkers helped her up and back to her desk, she sought medical attention. She was diagnosed with a nondisplaced fracture of her right toe and a muscle and tendon strain in her left hip. Hopkins completed a claim for workers' compensation and a report of her initial treatment.

Respondent Cannon Cochran Management Services, Inc. (CCMSI), Washoe's third-party administrator, denied Hopkins's workers' compensation claim, concluding that the injuries did not arise out of and in the course of her employment. Hopkins appealed, and the hearing officer affirmed CCMSI's denial. Hopkins then appealed the hearing officer's decision. As relevant here, after a hearing, the appeals officer found that Hopkins walked for her personal enjoyment and health, and thus her injuries did not occur within the course of her employment. The appeals officer also determined that Hopkins's injuries arose out of a neutral risk, not an employment risk. He concluded that Hopkins did not satisfy the increased risk test, as her employment did not expose her to a risk greater than that faced by the general public. Thus, the appeals officer concluded that Hopkins failed to show that her injuries arose out of her employment, and he affirmed the hearing officer's decision.

Hopkins petitioned for judicial review, which the district court denied, concluding that substantial evidence supported the appeals officer's conclusion that Hopkins's injuries arose out of a neutral risk, as her walks were for her own recreation and enjoyment outside of her workplace. The district court also concluded that the appeals officer properly determined that Hopkins's injuries did not occur in the course of her employment, as Hopkins chose to walk, and Washoe did not require her to walk during the breaks.

Reviewing the administrative agency's factual findings for clear error or an arbitrary abuse of discretion, and its legal conclusions de novo, *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (providing that this court will overturn an agency's findings when not supported by substantial evidence), we conclude that the agency's decision lacks adequate legal and evidentiary support. We therefore reverse. *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011) (observing that our role in reviewing an agency decision is identical to the district court's and "[w]e do not give any deference to the district court decision when reviewing an order regarding a petition for judicial review"); *see also Elizondo*, 129 Nev. at 784, 312 P.3d at 482 (quoting *Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008) ("Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion.")).

As the claimant, Hopkins had the burden to show both that her injury arose out of her employment and that it occurred in the course of employment. NRS 616C.150(1) (providing that the claimant must "establish by a preponderance of the evidence that the employee's injury arose out of and in the course of his or her employment."). She must satisfy both prongs to have a compensable injury. *See MGM Mirage v. Cotton*, 121 Nev. 396, 400, 116 P.3d 56, 58 (2005) (emphasizing that "the inquiry is two-fold").

*Hopkins's injury arose out of her employment*

Hopkins argues that the appeals officer erroneously concluded that walking around the building during her break was a neutral risk, as opposed to an employment risk. She asserts that because the evidence

supports that the defective sidewalk that caused her injury was under Washoe's control,[1] it presented an employment risk. We agree.

"An injury arises out of the employment 'when there is a causal connection between the employee's injury and the nature of the work or workplace.'" *Baiguen v. Harrah's Las Vegas, LLC*, 134 Nev. 597, 600, 426 P.3d 586, 590 (2018) (quoting *Wood v. Safeway, Inc.*, 121 Nev. 724, 733, 121 P.3d 1026, 1032 (2005)). As relevant here, when analyzing whether an injury arises out of a claimant's employment, the court must first determine whether the employee faced a neutral risk or an employment risk. *Rio All Suite Hotel & Casino v. Phillips*, 126 Nev. 346, 350-51, 240 P.3d 2, 5 (2010). Employment risks "are solely related to the employment and include obvious industrial injuries," *Baiguen*, 134 Nev. at 600, 426 P.3d at 590, such as "tripping on a defect at [the] employer's premises or falling on uneven or slippery ground at the work site," *Phillips*, 126 Nev. at 351, 240 P.3d at 5 (quoting *Ill. Consol. Tel. Co. v. Indus. Comm'n*, 732 N.E.2d 49, 53 (Ill. App. Ct. 2000) (Rakowski, J., concurring)); *see also Cotton*, 121 Nev. at 400-01, 116 P.3d at 58 (concluding that an employee's injury that occurred when the employee tripped over a curb while stepping on to the sidewalk from the parking lot is compensable under Nevada's workers' compensation statute).

---

[1]Respondents contend that the parties did not litigate in district court the issue of whether Washoe had control over or maintained the sidewalk, and thus, this court should not consider it in the first instance on appeal. However, in rejecting Hopkins's claim, the agency considered evidence showing where the injury occurred and made a resultant finding that it occurred on a sidewalk in "a public area of the Washoe County Health District complex" and conclusion that the risk was neutral and not employment-based. Our role on appeal is to consider whether that is supported by substantial evidence and not clearly erroneous, *Elizondo*, 129 Nev. at 784, 312 P.3d at 482, which includes analyzing the evidence regarding the sidewalk that caused Hopkins's injuries.

A neutral risk "is a risk that is neither an employment risk nor a personal one, such as a fall that is not attributable to premise[s] defects or a personal condition." *Baiguen*, 134 Nev. at 601, 426 P.3d at 591. "In general, injuries from employment risks arise out of the employment . . . ." *Buma v. Providence Corp. Dev.*, 135 Nev. 448, 455, 453 P.3d 904, 910 (2019).

Substantial evidence does not support the appeals officer's conclusion that Hopkins's injuries did not arise from an employment risk. Evidence in the record, offered by Washoe, shows that the premises defect that caused Hopkins to trip and injure herself—the defective sidewalk— was under Washoe's control. As Hopkins's Supervisor's Report of Injury noted, her injuries were caused by a defective "Washoe County grounds sidewalk." The supervisor stated that she would "[p]lac[e] a work order to repair [the] sidewalk" to "prevent [this] type of accident from occurring again." Because her injuries were caused by tripping on a defect on her employer's premises, Hopkins's injuries resulted from an employment risk, not a neutral risk, *Phillips*, 126 Nev. at 351, 240 P.3d at 5 ("Slips and falls that are due to employment risks include tripping on a defect at [the] employer's premises or falling on uneven or slippery ground at the work site." (internal quotation marks omitted)), and thus, her injuries arose out of her employment, *Buma*, 135 Nev. at 455, 453 P.3d at 910.

*Hopkins's injury occurred in the course of her employment*

The course-of-employment requirement "refers merely to the time and place of employment." *Baiguen*, 134 Nev. at 599, 426 P.3d at 590 (quoting *Wood*, 121 Nev. at 733, 121 P.3d at 1032). Thus, an injury occurs in the course of employment if it "occurs at work, during working hours, and while the employee is reasonably performing his or her duties." *Buma*, 135 Nev. at 450, 453 P.3d at 907 (quoting *Baiguen*, 134 Nev. at 599, 426 P.3d at 590). Under the going-and-coming rule, "'injuries sustained by employees

while going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment,' unless the injuries fall under an exception to the rule." *Cotton*, 121 Nev. at 399, 116 P.3d at 57-58 (quoting *Nev. Indus. Comm'n v. Dixon*, 77 Nev. 296, 298, 362 P.2d 577, 578 (1961)). "Under a parking lot or premises-related exception[,] . . . injuries sustained on the employer's premises while the employee is proceeding to or from work, within a reasonable time, are sufficiently connected with the employment to have occurred in the course of employment." *Id.* at 400, 116 P.3d at 58 (internal quotation marks omitted).

Here, Hopkins's injuries fall within the premises-related or parking-lot exception.[2] The record shows that Hopkins was injured when she tripped on a defective sidewalk under Washoe's control and maintenance, and thus, her injuries occurred on Washoe's premises. *See id.* at 398, 400, 116 P.3d at 57, 58 (concluding that tripping over a curb while walking from the employee parking lot to the employer's business constitutes an injury on the employer's premises); *see also* 2 Arthur Larson, *Larson's Workers' Compensation Law* § 13.02[2][d] (2014) ("[I]f the sidewalk . . . was installed by, or is regularly maintained by, or is actually owned or leased by the employer, it can readily be found to be part of the employer's premises for compensation purposes, although it might also be open to use by the public and have the appearance of a public thoroughfare."

---

[2]We do not find Washoe's waiver argument persuasive, as Hopkins raised the parking-lot exception before the district court. However, while Washoe's failure to contest the merits of the parking-lot exception may be a confession of error, *see Bates v. Chronister*, 100 Nev. 675, 682, 691 P.2d 865, 870 (1984) (treating a failure to respond to an argument as a confession of error), we nonetheless address the merits of the parking-lot exception here.

(footnotes omitted)). Additionally, Hopkins's injuries occurred within a reasonable time of leaving work, as she was injured at the start of her 15-minute break. *See Cotton,* 121 Nev. at 400, 116 P.3d at 58 (concluding that an injury suffered ten minutes before the employee's shift started occurred within a reasonable time before starting work). Accordingly, Hopkins's injuries occurred in the course of her employment under the premises-related or parking-lot exception. Because Hopkins showed by a preponderance of the evidence that her injuries arose out of and in the course of her employment, the appeals officer abused his discretion when he denied Hopkins's workers' compensation claim.[3]

Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court. On remand, the district court shall grant the petition and reverse the appeals officer's decision that Hopkins's injuries are not compensable.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

---

[3]In light of our conclusion, we need not address any of Hopkins's remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. David A. Hardy, District Judge
David Wasick, Settlement Judge
Nevada Attorney for Injured Workers/Carson City
McDonald Carano LLP/Reno
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A